# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SNYDER, | Case No. 1:18-cv-01063-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| JIM ROBERTSON, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Joshua Snyder is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. The action was transferred to this Court on August 9, 2018. Plaintiff's complaint, filed on August 1, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution, Tehachapi ("CCI"). Plaintiff names the following defendants: (1) Chief Deputy Warden Jim Robertson; (2) Associate Warden G. Garcia; (3) Lieutenant T. Harris; (4) Sergeant T. Parrish; (5) Custody Officer K. Canon; (6) Custody Officer G. Zucker.

<u>Officers Canon and Zucker</u>

Between July 3, 2014 and September 26, 2016, Plaintiff acquired property consisting of court transcripts, legal reference books, discovery documents, approved appliances, clothes, hygiene items, storage containers and food items. On September 26, 2016, Plaintiff was transferred from Valley State Prison to CCI in a special transport with 8 boxes of property. Plaintiff witnessed a Valley State Prison agent inventory his property and place all inventoried items into 7 large boxes and 1 clear storage container. Four of the boxes contained legal property only and the remaining four boxes contained legal documents and personal property.

Between September 26, 2016, and January 1, 2017, Defendant Canon was the custody officer charged with receiving and release of prisoners and prisoners' property. During this time,

Defendant Canon denied Plaintiff's right to his property. When Plaintiff arrived at CCI on September 26, there were no receiving and release officers on duty, so Plaintiff was forced to leave his property behind and was escorted to E- Facility. During the escort, Plaintiff was led to believe that his transfer would be reversed due to his mobility disability.

About two days later, Defendant Canon and Plaintiff had a conversation about Plaintiff's transfer back to Valley State Prison and property considered essential until the transfer. They agreed that Plaintiff would take food, hygiene products, winter clothing and some appliances to his living area and access to his active case files would be available. Defendant Canon provided Plaintiff this property, but Plaintiff was not asked to sign a receipt regarding this or any other property. Plaintiff was told that his property would remain stored until his transfer.

At some point, Defendant Zucker took over Defendant Canon's position. On February 2, 2017, Defendant Zucker told Plaintiff to gather his property and deliver it Defendant Zucker because Plaintiff's transfer would take place on February 2, 2017. Plaintiff delivered his personal property and some legal documents to Defendant Zucker. Plaintiff alerted Defendant Zucker that additional property was being stored at some unknown location by Defendant Canon. Defendant Zucker acknowledged Plaintiff and transferred the property toward D-Facility.

On February 3, 2017, Plaintiff was escorted by Defendant Zucker from E Facility to D Facility receiving and release because the prison was ordered to complete an emergency inmate count and Plaintiff was not to be counted due to transfer. After entering receiving and release, Plaintiff recognized his property already packed into eight smaller boxes. Plaintiff then requested the whereabouts of his missing property. Plaintiff tried to explain to Defendant Zucker that several books, documents and personal items were missing. Defendant Zucker dismissed Plaintiff's allegations and affirmed that Plaintiff's property was in the eight boxes. Defendant Zucker then ordered Plaintiff to sign a highlighted property inventory. When he refused, Plaintiff was told that his transfer would be cancelled if the form was not signed. Plaintiff signed the form under duress.

Plaintiff was then transferred to Mule Creek State Prison with his eight, smaller boxes. On February 10, 2017, Plaintiff was called to receiving and release to receive his property. Officer Lungdy unpacked the eight boxes and inventoried the property in front of Plaintiff. Officer Lungdy

also recorded all of Plaintiff's approved property on his official property card. Unapproved items were confiscated, and Plaintiff was provided with a choice to either destroy, donate, or send home the item. Plaintiff eventually was allowed to take his property back to his cell.

Plaintiff alleges that the inmate property inventory form completed by Defendant Zucker and signed by the Plaintiff does not match the new property card generated by Officer Lungdy. Plaintiff alleges that the property card generated by Defendant Canon does not match the Valley State Prison generated property card. Plaintiff further alleges that any lay person can infer that property cannot vanish on its own, so CCI's agents are the only agents that can be held liable for Plaintiff's lost, destroyed and/or converted property. Plaintiff contends that the wrongful taking by Defendants Canon and Zucker violates his state and federal constitutional rights.

Plaintiff asserts that between September 26, 2017, and February 3, 2017, Defendants Zucker and Canon negligently took Plaintiff's property and dispatched "to the prison Facility D library, workers, and trash, where the property of legal books were used; and the property of legal documents were destroyed; and personal property donated to other inmate(s) workers." (ECF No. 1 at 13.) Plaintiff asserts that the property taken included court transcripts and appeal transcripts for two separate trials that were the only court documents that contained facts to overturn wrongful convictions and possible early release from prison, the legal books were the only tools to learn court procedures to shorten litigation and to further litigation in three separate civil lawsuits against Riverside County, and the personal property included gifts from Plaintiff's parents.

<u>Jim Robertson, G. Garcia, T. Harris, and T. Parrish</u>

Plaintiff alleges that Defendants Parrish, Harris, Garcia and Robertson knew or should have known that Defendants Canon and Zucker had a custom of taking inmates' property without following proper policy and procedure. Plaintiff further alleges that there was an undue risk to persons such as Plaintiff unless Defendants Parrish, Harris, Garcia and Robertson adequately trained and supervised Defendants Canon and Zucker. Plaintiff is informed and believes that in the past five years several hundred inmates experienced the unlawful taking of property by various subordinates of Defendants Parrish, Harris, Garcia and Robertson.

Plaintiff contends that the duties of these defendants call for them to review inmates'

administrative grievances relating to property and prison conditions. Plaintiff filed his property grievance in February 2017, it was reviewed by Defendants Parrish and Garcia and denied in April 2017. Defendants Harris and Robertson reviewed Plaintiff's grievance and denied it in June 2017.

Plaintiff also contends that despite knowing that Defendants Canon and Zucker took inmates' property without following policy and procedure. Defendants Parrish, Harris, Garcia and Robertson did not adequately train or supervise them in the performance of their duties.

Relief

Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

**III. Discussion**

Plaintiff's complaint fails to state a cognizable claim upon which relief may granted. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

**A. Deprivation of Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff complains about the wrongful, unauthorized taking, dissemination and destruction of his property by Defendants Canon and Zucker. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff's complaint fails to state a cognizable claim for the alleged deprivation of his personal property.

**B.     Supervisory Liability**

Insofar as Plaintiff is attempting to hold Defendants Robertson, Garcia, Harris and Parrish liable based solely on their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Here, Plaintiff's complaint fails to allege that Defendants Robertson, Garcia, Harris and Parrish participated in or directed any purported violation of Plaintiff's constitutional rights. Plaintiff's complaint also fails to plausibly allege that these defendants knew of any purported violation before it happened. Additionally, Plaintiff's complaint fails to allege that any of these supervisory defendants implemented a policy so deficient that it was a repudiation of Plaintiff's rights and the moving force of any constitutional violation. In any amended complaint, Plaintiff must allege what each individual defendant did or did not do that resulted in a violation of Plaintiff's constitutional rights, and liability may not be premised solely on defendants' supervisory roles.

**C.     Failure to Train/Failure to Supervise**

Plaintiff alleges that Defendants Robertson, Garcia, Harris and Parrish should be held liable based on failure to train or failure to supervise theory. A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton v. Harris, 489 U.S. 378, 387-90 (1989). To establish a failure-to-train/supervise claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [or

supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers ... can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting Canton, 489 U.S. at 390).

Ordinarily, a single constitutional violation by an untrained employee is insufficient to demonstrate deliberate indifference for purposes of failure to train. Connick v. Thompson, 563 U.S. 51, 62 (2011). Instead, a pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. Id.

Here, Plaintiff's complaint fails to adequately demonstrate a pattern of similar constitutional violations by untrained or unsupervised employees. Rather, Plaintiff alleges only a single incident in which his property was purportedly wrongly taken by Defendants Canton and Zucker. Plaintiff's conclusory, speculative, and unsupported allegation regarding hundreds of other inmates is not sufficient to state a cognizable claim based on failure to train or supervise.

### D. Grievance Procedure

To the extent Plaintiff seeks to impose liability against Defendants Robertson, Garcia, Harris and Parrish arising out of their review and denial of his property grievance, he may not do so. Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate grievances. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### E. State Law Claims

Plaintiff appears to be asserting state law claims, including claims for negligence. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c).

7

The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will not screen Plaintiff's state law claims.

In addition, Plaintiff has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself

without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 8, 2019**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE